## THE CHICAGO UNION TRACTION COMPANY

### *v.*

### ISADORE ROSENTHAL.

*Opinion filed October 24; 1905.*

1. TRIAL—*when question whether the plaintiff was a passenger should go to jury.* Whether plaintiff was a passenger at the time of his injury is properly left to the jury, where there is testimony that when the car on which he was riding stopped he put one foot on the ground, and, with the other on the foot-board of the car, reached up to help his little girl get off, when the car started suddenly and threw him to the ground.

2. APPEALS AND ERRORS—*when refusal to direct a verdict must be sustained.* Refusal by the trial court to direct a verdict for the defendant in a personal injury case, which is upheld by the Appellate Court's judgment of affirmance, must be sustained by the Supreme Court if there is any evidence in the record, regardless of its weight, which fairly tends to establish the case made by the declaration.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding.

JOHN A. ROSE, and ALBERT M. CROSS, (W. W. GURLEY, of counsel,) for appellant.

CRATTY BROS., JARVIS & LATIMER, for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

This was an action brought in the circuit court of Cook county by Isadore Rosenthal, against the Chicago Union Traction Company, to recover damages for personal injuries received while alighting from one of its street cars in the city of Chicago.

The declaration consisted of two counts. The first count alleges that plaintiff became a passenger on a Milwaukee avenue car; that he signaled the conductor to stop the car at Wood street; that the car was caused to be stopped for the purpose of allowing passengers to alight, and "while the said plaintiff was using all reasonable care and caution to avoid the injury complained of, the said defendant, through its servant or servants, negligently and carelessly caused said car to be set in motion while the plaintiff was alighting from said car, and thereby the said plaintiff was then and there thrown," etc. The second count is substantially the same, except that it alleges that the plaintiff had with him his daughter, Esther Rosenthal, a child four years of age, and that while the plaintiff was attempting to alight, with his daughter, from the car, the defendant, through its servants, negligently and carelessly caused the car or train of cars to be set in motion while the plaintiff, with his said daughter, was so alighting therefrom, and thereby the plaintiff was then and there thrown, etc.

Upon a trial before the jury a verdict was rendered for $2500. A *remittitur* of $1000 was made and judgment entered for $1500, from which an appeal was prosecuted to the

Appellate Court, where the judgment of the circuit court was affirmed, and this further appeal is now prosecuted to this court.

There is but a single question presented upon this record, and that is, whether or not the peremptory instruction should have been given at the close of the plaintiff's evidence. The appellant's contention is, that the declaration, alleging, as it does, that appellee was a passenger upon the car, is not sustained by the evidence, and insists that the evidence shows appellee to have left the car and was not a passenger at the time of the accident in question. The only question, therefore, for us to determine is whether or not there is any evidence in the record fairly tending to support the plaintiff's cause of action as laid in the declaration, and if, from the evidence, we find that fair minded men might disagree as to the facts of the case as disclosed by the record, then it was not error to refuse the instruction; or if we find any evidence in the record, standing alone, sufficient to sustain the cause of action as laid in the declaration, then it is not our duty to reverse the judgments of the Appellate and trial courts.

The record discloses that appellee is a Hebrew, and does not speak the English language as fluently as some of his nationality do. The evidence at least fairly tends to show the following state of facts: On the day in question, which was a holiday for the Hebrews, being their New Year, appellee boarded a car at Robey street, transferred to Milwaukee avenue, paid his fare and rode to Wood street, where he desired to get off the car. The car was full of passengers, and appellee was standing on the foot-board on the west side or outside of the car, which was going down town, and his little girl, four years old, was sitting in a lady's lap in the seat next to him. At his signal the car stopped. He put his right foot on the ground and put his arm around the child to lift her off. His other foot he kept on the foot-board. While he was in this position and in the act of getting hold of his child, and before he had time to alight with his child,

the car gave a jerk, starting up suddenly, and he was thrown upon the ground and injured.  Appellee testified:

Q. "You say you were on the ground?

A. "One foot.

Q. "Then you say you got off on the ground and reached up after the child?

A. "With one foot—with only one.

Q. "Then you had one foot back of the foot-board?

A. "I said I went off the car with one foot.  I said I went off with one foot.  With the right foot I went on the ground, with my left foot I stayed on the car, and then I took the child from the lady's lap, and when I went to get off then the car jerked.  That is what I mean."

William H. Klein, a witness, further testified: "He took the girl just about the time the conductor rang the bell. He was standing on the ground by the car, one foot on the ground and one on the step, holding the handle with his left hand.  He did not do any turning around.  He stepped right off down with one foot and reached up after the girl."

We think the record at least fairly tends to show that appellee had not entirely left the car at any time, and we deem it unnecessary to discuss the question of whether or not he would have been a passenger had he at any time been entirely off the car and returned to get his child, as it is conceded if he was not at any time clear of the car he was a passenger.  Nor is it necessary that the weight of evidence support the cause of action as laid in the declaration.  The question of whether or not he had entirely left the car was one of fact, and under the instructions the jury found against appellant's contention, and the Appellate Court, by affirming the judgment as entered by the trial court, has necessarily found the facts the same as did the jury, and finding, as we do, that there is evidence to support these findings, under the law it is our duty to sustain the judgment of the Appellate Court, which is accordingly done.

*Judgment affirmed.*