## Maria Keller, Plaintiff in Error, v. Chicago Railways Company, Defendant in Error.

### Gen. No. 18,238.

1. CARRIERS, § 329*—*when person alighting is still a passenger.* Where a passenger in attempting to alight from a street car has one foot on the step of the car and has hold of an iron attached to the car to assist in alighting, he is still a passenger.

2. CARRIERS, § 480*—*when question of negligence in suddenly starting cars, is for jury.* Where a street car suddenly starts forward before a passenger alights, the question whether street car company was guilty of negligence in so starting the car is a question for the jury.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge. presiding. Heard in this court at the March term, 1912. Reversed and remanded. Opinion filed November 29, 1913.

JOHN T. BYRNES and DANIEL BYRNES, for plaintiff in error.

EDWARD C. STEARNS and WILLIAM H. SYMMES, for defendant in error; JOHN R. GUILLIAMS and FRANK L. KRIETE, of counsel.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

This writ of error brings before us the record of a judgment of the Municipal Court for the defendant on a directed verdict at the close of plaintiff's evidence in an action of tort brought by plaintiff Keller against the defendant Street Railway Company.

The charge of negligence set out in plaintiff's statement of claim is that she was a passenger on a north-bound Halsted street car and notified the conductor that she wished to leave the car at Clybourn avenue; that defendant stopped the car at that avenue in front of a pile of dirt and bricks without informing her of

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

the unsafe condition of the place of alighting; that the same was known to the defendant and unknown to the plaintiff; that while she was alighting she held an iron attached to the car in one hand and stood on the step of the car; that she placed one foot on the ground, which struck said pile of bricks, turned her ankle and the car started forward suddenly and she was thrown from the car on the ground and injured.

We think that the evidence fairly tends to show that the plaintiff had not entirely left the car at the time it was started forward, but then had one foot on the step of the car and had hold of an iron attached to the car with one hand for the purpose of assisting her in alighting, and if so, she was still a passenger. *Chicago Union Traction Co. v. Rosenthal,* 217 Ill. 458; *Chicago & A. R. Co. v. Winters,* 175 Ill. 293; *Macdonald v. St. Louis Transit Co.,* 108 Mo. App. 374; Shearman & R. Negligence (6th Ed.) sec. 490.

The contention of appellee that a verdict for the defendant was properly directed because the evidence failed to show that the car was suddenly started is without merit. If the car was started forward suddenly while plaintiff was still a passenger, the question whether the defendant was guilty of negligence in so starting the car was at least a question of fact for the jury and not a question of law for the court.

We think the Court erred in directing a verdict for the defendant, and the judgment will be reversed and the cause remanded.

*Reversed and remanded.*